UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ARTHUR J. WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **No. 04-2187** |
| **N. BURL CAIN** | **SECTION I** |

### ORDER AND REASONS

Before this Court is a motion[1] to vacate an earlier judgment pursuant to Federal Rule of Civil Procedure 60(b) filed by petitioner, Arthur J. Williams ("Williams"). For the following reasons, petitioner's motion is **DENIED**.

### *BACKGROUND*

Petitioner is a state prisoner presently incarcerated in the Louisiana State Penitentiary, where he is serving a 40-year sentence at hard labor.[2] On October 20, 1999, petitioner was convicted by a jury of forcible rape.[3] On April 11, 2001, his conviction and sentence were affirmed on direct appeal.[4] On March 28, 2002, the Louisiana Supreme Court denied petitioner's writ of certiorari.[5]

On November 13, 2002, petitioner's application for post-conviction relief was denied on the merits.[6] On December 16, 2002, the Louisiana Fifth Circuit Court of Appeals denied petitioner's application for supervisory and/or remedial writs regarding the district court's

---

[1] R. Doc. No. 18.
[2] R. Doc. No. 5.
[3] Id.
[4] Id.
[5] Id.
[6] Id.

1

ruling.[7]  On February 13, 2004, the Louisiana Supreme Court denied his application for supervisory and/or remedial writs.[8]

Petitioner then filed his federal application for habeas corpus relief.[9]  On March 3, 2005, this Court adopted the report and recommendation of the U.S. Magistrate Judge and denied petitioner's application.[10]  On June 9, 2005, the U.S. Fifth Circuit Court of Appeals denied petitioner's appeal as untimely.[11]

On August 26, 2008, petitioner postmarked a writ to the Louisiana Supreme Court wherein petitioner alleged a Cordero issue.[12]  On October 10, 2008, the Louisiana Supreme Court transferred the matter to the Louisiana Fifth Circuit for its consideration.[13]  The Louisiana Fifth Circuit reconsidered petitioner's post-conviction application and on January 27, 2010, the court denied relief on the merits.[14]  Petitioner again filed a writ with the Louisiana Supreme Court and on February 18, 2011, the court denied relief without an opinion.[15]

Petitioner now moves to vacate the Court's previous order denying his request for habeas corpus relief.  Petitioner argues that: (1) under Rule 60(b)(4), the state's failure to give notice to this Court of its deficient policies resulted in a void habeas judgment; (2) under Rule 60(b)(5),

---

[7] Id.
[8] Id.
[9] R. Doc. No. 1.
[10] R. Doc. No. 7.
[11] R. Doc. No. 16.
[12] In State v. Cordero, 993 So.2d 203 (La. 2008), the Louisiana Supreme Court remedied a deficiency in the Louisiana Fifth Circuit's process of reviewing *pro se*, post-conviction applications for supervisory writs, a process that fell short of the state constitution's requirements. Id. at 204-05.  Specifically, from February 8, 1994 to May 21, 2007, the Louisiana Fifth Circuit assigned a single judge to review all *pro se* writ applications while the state's constitution required that the court of appeal "sit in panels of at least three judges." La. Const. art. V, § 8(A).  The Louisiana Supreme Court resolved to remand all successive writ applications alleging this deficiency during the relevant period to the Louisiana Fifth Circuit for a properly conducted re-review. See Cordero, 993 So.2d at 204-05.
[13] R. Doc. No. 19-1, p.2.
[14] Id. at pp.3-8.
[15] Id. at p. 9.

the Louisiana Supreme Court's "vacating"[16] of the Louisiana Fifth Circuit's previous ruling renders this Court's judgment void; (3) under Rule 60(b)(6), the Louisiana Supreme Court's "vacating" of the Louisiana Fifth Circuit's previous ruling constitutes extraordinary circumstances justifying relief from the Court's previous judgment; and (4) under Rule 60(d)(3), the Court should vacate its judgment because the Louisiana Fifth Circuit's formerly deficient review policies constituted fraud on the Court.  Defendant has responded to the motion.[17]

*LAW & ANALYSIS*

**I.     Rule 60(b)**

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

With respect to petitioner's arguments seeking relief under Rule 60(b), section (c) of Rule 60 requires that "[a] motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c).  In Scheanette v. Quarterman, 309 Fed.Appx. 870 (5th Cir. 2009), the district court

---

[16] Petitioner asserts that the Louisiana Supreme Court "vacated" the ruling of the Louisiana Fifth Circuit.  However, what actually occurred was that the Louisiana Supreme Court transferred petitioner's application for supervisory and/or remedial writs back to the Louisiana Fifth Circuit for reconsideration of its previous ruling. See R. Doc. No. 19-1, p.2.

[17] R. Doc. No. 19.

3

denied the petition for writ of habeas corpus in April of 2006.  Nearly two years later, petitioner filed a motion seeking Rule 60(b) relief and the district court denied the motion. Id. at 871.  On appeal, the Fifth Circuit stated that, "[the petitioner] offers no explanation for why it took him nearly two years to seek reconsideration of the district court's decision especially when the grounds he raises were known to him at the time the petition was filed and denied.  If the district court denied these motions on procedural grounds, reasonable jurists would not debate the district court's decision." Id. at 873 n.2.

In this case, petitioner has long been aware of the grounds for the 60(b) arguments he now raises.  Certainly by the time he filed a writ with the Louisiana Supreme Court in August 2008 and by the time the Louisiana Supreme Court transferred his case back to the Louisiana Fifth Circuit for reconsideration in October 2008, petitioner was aware that the state had not provided this Court with notice of its deficient review policy and that the Louisiana Fifth Circuit ruling had been "vacated."  Yet petitioner offers no explanation with respect to why he did not file his Rule 60(b) motion until April 22, 2011, more than two and a half years later.  Accordingly, the Court finds that petitioner's request for relief pursuant to Rule 60(b) was not filed within a reasonable time. See Scheanette, 309 Fed.Appx. at 873 n.2; Earl v. Johnson, 1995 WL 153083, at *1 (5th Cir. Mar. 23, 1995) (finding two years is not a reasonable time where petitioner failed to show he was prevented from discovering legal basis of motion or was prevented from filing motion; Bilbrey v. Quarterman, 2006 WL 1982489, at *2 (N.D. Tex. Jul. 11, 2006) (finding that "absent a cogent explanation," petitioner's Rule 60(b) motion filed more than two years was untimely).

Even if the Court were to overlook the tardiness of petitioner's motion, petitioner fails to advance any reasons that would cast the Court's judgment in doubt.  In his report and

4

recommendation, the U.S. Magistrate Judge considered the substance of petitioner's claims and determined not only that petitioner failed to show that the trial court's evidentiary ruling resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, but also that petitioner had failed to show that he received ineffective assistance of counsel.[18]  Since the Louisiana Fifth Circuit reaffirmed its original denial of petitioner's appeal for post-conviction relief and the Louisiana Supreme Court also denied petitioner's appeal for relief, petitioner has identified no changes in facts or findings that would affect the previous substantive analysis by the U.S. Magistrate Judge.

## II.   Rule 60(d)

The U.S. Fifth Circuit Court of Appeals has explained that while motions brought pursuant to Rule 60(b) are subject to a "reasonable time" requirement:

> Rule 60(d)(3) functions as a saving clause: it allows courts to "set aside a judgment for fraud on the court" without a strict time bar. The standard for "fraud on the court" is, as a consequence, demanding.  "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court." Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir.1978) (citations omitted). Fraud under Rule 60(d)(3) "embrace[s]…the species of fraud which does or attempts to [ ] defile the court itself." Wilson v. Johns-Manville Sales Corp., 873 F.2d 869, 872 (5th Cir.1989).

Jackson v. Thaler, 348 Fed. Appx. 29, 34 (5th Cir. 2009).

In this case, petitioner asserts that when this Court ruled on his habeas petition, it was unaware that the Louisiana Fifth Circuit had not properly considered his post-conviction application.  However, even assuming that petitioner's state post-conviction application was not properly considered by the Louisiana Fifth Circuit, petitioner has failed to offer any evidence or

---

[18] R. Doc. No. 5.

5

otherwise demonstrate that any party in this case engaged in "an unconscionable plan or scheme…designed to improperly influence the court in its decision." Id.  Accordingly, the Court finds that petitioner is not entitled to relief pursuant to Rule 60(d)(3).

For the foregoing reasons,

**IT IS ORDERED** that petitioner's motion to vacate the Court's earlier judgment is **DENIED**.

New Orleans, Louisiana, June 13, 2011.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**